IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| TRAMALE DANGELO WRIGHT, | ) | |
| Reg #25191-009 | ) | |
|     Petitioner, | ) | **Case No. 2:13-CV-00042 BSM-JTK** |
| v. | ) | |
| | ) | |
| ANTHONY HAYNES, Warden, | ) | |
| FCI – Forrest City | ) | |
|     Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Tramale Dangelo Wright on March 25, 2013. (Doc. No. 1). After reviewing the parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

On March 1, 2010, Petitioner was observed by prison staff to be fighting with a cellmate at the Federal Correctional Institution (FCI) in Memphis, TN. He received an incident report charging him with violating Code 201 (fighting) the next day. On March 12, 2010, he was given notice that a disciplinary hearing would be held and advised of his rights for that hearing. On March 15, 2010, Petitioner appeared before the Discipline Hearing Officer (DHO) and admitted striking the other prisoner with his fist as well as being struck by the prisoner. He also explained that he had been having problems with his cellmates and that he had unsuccessfully requested a cell change on several occasions. On July 21, 2011, the DHO found that Petitioner had committed the violation, removed 27 days of good time credits, restricted his commissary and social visiting privileges for 120 days, and

placed him in disciplinary segregation for 30 days.

On April 19, 2011, Petitioner appealed that decision to the Regional Director, alleging that he was forced to fight because he had informed his counselor, Ms. Smith, and the Operations Lieutenant, Lt. Coleman, that he needed to be moved in order to avoid a problem or injury and that they unreasonably ignored his requests for help. The Regional Director affirmed the DHO's decision and noted that Petitioner did not appeal the DHO's findings regarding whether he committed the prohibited act.

On August 1, 2011, Petitioner appealed the Regional Director's decision to the Central Office, alleging that he had failed to consider the culpability of Ms. Smith in causing the altercation by ignoring his requests. The Central Office affirmed the decision on January 10, 2012.

### Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2241 because his due process rights were violated when the DHO did not allow him to present documentary evidence. When a prison disciplinary hearing may result in the loss of good time credits, an inmate must receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)).

It appears the only documentary evidence Petitioner alleges that he would have presented is a February 29, 2010 request form to Ms. Smith. In that request, Petitioner described having "a major conflict of interest" with his cellmates and expressed a desire to be transferred into a specific cell with two particular inmates. He indicated that he felt like he would get into trouble if he wasn't moved

soon. It is unclear how this would have changed the DHO's decision because his request does not refer to any danger, and it appears to be an attempt to be placed in a cell with friends.

In any event, there is no indication that Petitioner ever requested or attempted to present documentary evidence at his hearing, and he failed to raise this argument during any of his administrative appeals. "A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *See Mathena v. U.S.*, 577 F.3d 943, 946 (8th Cir. 2009).

Further, Petitioner does not dispute that the decision to revoke his credits was supported by "some evidence." *See Hill*, 472 U.S. at 455 ("[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . .'") (quoting *United States ex rel. Vajtauer v. Comm'r of Immigration*, 273 U.S. 103, 106 (1927)). A review of the record plainly indicates that the DHO's decision was supported by ample evidence.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be, and it is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

SO ORDERED this 25th day of November, 2013.

_____
United States Magistrate Judge